UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:25-cv-06982-JLS-MAR                              Date: October 28, 2025
Title:  Dream Builders and Design Inc. et al v. General Motors LLC et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Kelly Davis | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:  (IN CHAMBERS)  ORDER GRANTING IN PART MOTION TO REMAND AND REQUEST FOR ATTORNEYS' FEES (Doc. 14)**

Before the Court is a Motion to Remand filed by Plaintiffs Dream Builders and Design Inc. and Gal Elmaleh.  (Mot., Doc. 14.)  Defendant General Motors LLC opposed, and Plaintiffs responded.  (Opp., Doc. 16; Reply, Doc. 19.)  Having taken this matter under submission and, for the following reasons, the Court GRANTS Plaintiffs' Motion to Remand and DENIES Plaintiffs' request for attorneys' fees.

I.      **BACKGROUND**

On March 5, 2025, Plaintiffs filed this action in Los Angeles County Superior Court against Defendant, alleging claims for violations of the Song-Beverly Act and violation of the Magnuson-Moss Warranty Act ("MMWA") arising out of their purchase of a 2023 GMC Sierra 1500 (the "Subject Vehicle").  (Ex. A to Notice of Removal ("NOR"), Compl. ¶¶ 6, 8–44, Doc. 1-1.)  Plaintiffs allege that they are "resident[s] of Morgan Hill, CA" and that Defendant is "a limited liability company organized under the laws of the State of Delaware[.]"  (*Id.* ¶¶ 3–4.)  The Complaint contains no allegations as to the amount in controversy, though the action was filed in state court as an unlimited civil action with an amount demanded exceeding $35,000.  (*Id.* at 4; *see generally id.*)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-06982-JLS-MAR                                    Date: October 28, 2025
Title:  Dream Builders and Design Inc. et al v. General Motors LLC et al

Plaintiffs seek "all damages permitted by law[,]" including actual damages, "a civil penalty in the amount of two times Plaintiffs' actual damages[,]" and attorneys' fees. (*Id.* at 17.)  Plaintiffs served their Complaint on Defendant on March 10, 2025.  (Ex. 1 to Yang Decl., Doc. 14-1.)

Defendant removed the action to federal court on July 30, 2025, invoking the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332 on the basis of Plaintiffs' claim brought pursuant to the Song-Beverly Act.  (NOR at 1, Doc. 1.)  Defendant's Notice of Removal states that, through a "preliminary investigation" conducted in the "30 days" prior to removal, it "determined that Plaintiffs' citizenship and the reasonable, non-speculative estimation of the amount in controversy placed at issue … plausibly g[ave] rise to [federal] subject matter jurisdiction." (*Id.* at 2.)  The Notice of Removal states that complete diversity of citizenship exists, as Defendant is a citizen of Michigan and Delaware, where it has its principal place of business and where it is incorporated, respectively.  (*Id.* at 3.)  It also states that Plaintiffs are citizens of California based on their allegations of residency in California and the results of Defendant's preliminary investigation showing "that Plaintiffs resided in California when they purchased the subject vehicle, and on other occasions[.]"  (*Id.*)  The amount in controversy "plausibly exceeds $75,000[,]" based on an "estimate of actual damages of $67,847.31" (calculated based on the estimated purchase price of the Subject Vehicle reduced by statutory offsets), and including civil penalties of up to two times the amount of actual damages and attorneys' fees.  (*Id.* at 5–6.)

Plaintiffs moved to remand the case on August 15, 2025, arguing that Defendant's removal was untimely.  (Mot.)  Plaintiffs so argue because the Complaint "included a Federal Cause of Action under the Magnuson-Moss Warranty Act" and because, from the Complaint, Defendant "had more than sufficient information at its disposal to provide a plausible allegation regarding the satisfaction of the jurisdictional threshold[.]"  (Mot. at 7–9.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-06982-JLS-MAR                                                    Date: October 28, 2025
Title:  Dream Builders and Design Inc. et al v. General Motors LLC et al

## II.    LEGAL STANDARD

A defendant may remove a case that was filed in state court to a federal court in the same district and division if the federal court would have had original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a)–(b); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or complete diversity between the parties, *see* 28 U.S.C. § 1332.  A federal court has federal question jurisdiction over certain lemon-law actions under the Magnuson-Moss Warranty Act where "the amount in controversy is [equal to or more than] than the sum or value of $50,000 ... computed on the basis of all claims to be determined in this suit."  15 U.S.C. § 2310(d)(1)(B), (d)(3)(B).  A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the parties to the action are citizens of different states and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a).

A removing defendant's Notice of Removal must include "plausible allegations of the jurisdictional elements."  *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1069 (9th Cir. 2021).  "[T]he amount in controversy allegation of a defendant seeking federal-court adjudication should be accepted when not contested by the plaintiff or questioned by the court."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82 (2014); *see also id.* (applying *Dart Cherokee* outside the CAFA context).  However, "[i]t is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (cleaned up, internal quotation marks omitted).  "[T]he defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "We strictly construe the removal statute against removal jurisdiction," meaning that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-06982-JLS-MAR                                  Date: October 28, 2025
Title:  Dream Builders and Design Inc. et al v. General Motors LLC et al

### III.   ANALYSIS

    A.   **Diversity Jurisdiction**

Plaintiffs' Motion challenges the propriety of removal on grounds of timeliness without specifically challenging the jurisdictional allegations made in the Notice of Removal.  (*See* Mot. at 10–11.)  However, in reply, Plaintiffs argue that Defendant fails to "show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold."  (Reply at 5–6.)  "[A]rguments raised for the first time in a reply brief are waived."  *Autotel v. Nevada Bell Tel. Co.*, 697 F.3d 846, 852 n.3 (9th Cir. 2012).  Nonetheless, the Court must assure itself of subject matter jurisdiction.  *Gaus*, 980 F.2d at 566; *see also Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 593 (2004).  In so doing, the Court first considers whether defendant's Notice of Removal plausibly set forth the parties' citizenship.

"The natural person's state citizenship is [] determined by her state of domicile … [a] person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return."  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  In determining the citizenship of a corporation, "a corporation shall be deemed to be a citizen of every State ... by which it has been incorporated and of the State ... where it has its principal place of business[.]"  28 U.S.C. § 1332(c)(1).  Defendant's Notice of Removal states that its "preliminary investigation [] concluded that Plaintiffs resided in California when they purchased the subject vehicle, and on other occasions, establishing a plausible basis for intent to remain in California[.]"  (NOR at 3.)  But such allegations are insufficient to plausibly allege the citizenship of Plaintiff Dreambuilders, an incorporated business entity.  28 U.S.C. § 1332(c)(1).  Indeed, Defendant acknowledges that allegations of the citizenship of a corporation "[f]or the purposes of diversity jurisdiction[,]" must set forth the relevant state of incorporation and principal place of business.  (*See* Opp. at 22–23.)  But Defendant's sole statement as to Dreambuilder's citizenship is that it is a "citizen[] of California[.]"  (*Id.*; *see also* NOR at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-06982-JLS-MAR                                   Date: October 28, 2025
Title:  Dream Builders and Design Inc. et al v. General Motors LLC et al

3.) *See* 28 U.S.C. § 1332(c)(1).  Accordingly, Defendant fails to plausibly allege complete diversity of citizenship.  Defendant therefore fails to meet its burden to establish the propriety of removal based on Plaintiffs' claim under the Song-Beverly Act.[1]

Nor does Defendant meet its burden as to Plaintiffs' MMWA claim.  Defendant's Notice of Removal invokes only this Court's diversity jurisdiction (NOR at 1) and does not address Plaintiffs' MMWA Claim.  (*See generally id.*)  The Notice of Removal thus fails to establish that removal of the MMWA claim is proper.  *Gaus*, 980 F.2d at 566.

For these reasons, Defendant does not satisfy its burden to establish the propriety of removal.

**B.     Request for Attorneys' Fees**

Plaintiffs seek $2,875.00 in fees and costs incurred in litigating removal and remand on the ground that Defendant "fails to provide any legal or factual analysis, whatsoever to support contention [that] removal was timely and proper." (Mot. at 12 (emphasis omitted).)  Although the Court has concluded that remand is required, Defendant's arguments for removal were not so contrived and unreasonable that an award of attorneys' fees and costs is warranted.  Moreover, Plaintiffs bear some responsibility for having to litigate removal and remand as more precise allegations of citizenship and damages would have foreclosed the present dispute.

---

[1] In so concluding, the Court does not assess whether the Notice of Removal plausibly alleged that the amount in controversy meets the jurisdictional threshold.  Nor does the Court consider Defendant's Objections to Plaintiffs' Reply, which challenged Plaintiffs' argument in reply "that GM failed to prove that the amount in controversy exceeds $75,000."  (*See* Doc. 21 at 3.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-06982-JLS-MAR                                    Date: October 28, 2025
Title:  Dream Builders and Design Inc. et al v. General Motors LLC et al

## IV.     CONCLUSION

     For the above reasons, the Court GRANTS Plaintiffs' Motion to Remand and DENIES Plaintiffs' request for attorneys' fees.

Initials of Deputy Clerk: kd